May it please the Court, Kathleen Erskine on behalf of Appellant Kerman White. I'd like to make three points. First, I will talk about how this case falls squarely within the long line of Supreme Court precedent, beginning with Alexander v. Gardner-Denver, and address some of the arguments that I'm anticipating the appellees will make about that. I also will address how this case is not like Page, Schifondo, and Johnson, and I will speak briefly about abstention. Before you start, one thing in reading the briefing from both sides that was confusing to me is that there seemed to be three different time periods here. There was the status of the proceedings when the district court ruled, which at that time there had just been an arbitrator decision in favor of Ms. White. Then there was the time when you wrote briefs where the city manager had ruled, and so we were looking at the city manager decision. But now, as I understand it from the supplemental letters, there has been a state court opinion, right, on the administrative mandate in this proceeding. So why aren't we now looking at Section 1738 and full faith and credit issues where we have a decision and so we are really precluded by the state opinion? Or maybe there's some other way we should be looking at this case. So could you address what time period are you talking to us about, and what's the status of the state proceedings in that time period? Yes, Your Honor. I'm going to be speaking about the time period of today where there has been a denial of the petition for writ of mandamus by the Superior Court. That, as I understand it, has been appealed to the California Court of Appeal, so that is still pending. So that proceeding is not yet final. But we do have a state ruling, so how does that affect our analysis here? Okay, well, I do have to start with Gardner-Denver because I believe that is the binding and controlling precedent here, notwithstanding the fact that Appellant White did file a petition for writ of administrative mandamus after the city manager's findings and decision. Because there is no doubt that there is a memorandum of understanding in this case that it's a collective bargaining agreement, just like any other collective bargaining agreement, and that any decision that flows from the collective bargaining agreement cannot have preclusive effect on a later case brought under Section 1983. That comes from McDonald v. City of West Branch, which has ---- Were any of those subjected to a state court review of any kind? You know, Your Honor, that is what makes this case different. Mine, indeed. I'm sorry, McDonald v. City of West Branch was not subjected to state court review. But there have been state California Court of Appeal decisions that have adopted the reasoning from Alexander, from the Barentine case, from McDonald v. City of West Branch, and the California Supreme Court has also adopted that reasoning in holding ---- What did that reasoning hold? Yeah, go ahead. Adopted that reasoning in holding that a decision pursuant to an arbitration agreement, even if there is a potential for judicial review, is not preclusive. If they've said even if there has been. No, they said even if ---- That's where I ---- To answer your question directly, I don't think that there is a case on point. Do you know whether, under California law, a decision has collateral estoppel or res judicata effect even though it is under appeal? I don't, Your Honor, but ---- That might be pretty important. We've got a state court decision. I don't know exactly how broad the mandamus proceeding is. It seems to me that it might very well create an estoppel on anything that could properly be submitted in that mandamus proceeding, and depending on how California treats a decision like that, whatever they are empowered to decide and do decide, it seems to me, would bind us unless there's some California law saying that you don't give effect to an opinion until appeal is exhausted. Well, Your Honor, we have to look to the basic requirements of applying collateral estoppel, and one of the basic requirements under California law is that the issue in the second proceeding is identical to the issue in the first proceeding. And the major key problem from the perspective of fairness and from the perspective of the reasoning that's undergirding all of the Supreme Court decisions relating to arbitration agreements is this, is that Appellant White, pursuant to an arbitration agreement that her union negotiated, submitted her grievance to arbitration. An arbitrator issued a 54-page decision in which he decided that the city had not nearly met its burden of proof in showing that there was just cause for her termination. Now, under that same collectively bargained agreement, that advisory arbitration was submitted to the city manager. The city manager is aligned with the city and with the police department, and the city manager simply has to accept or reject the arbitrator's decision. This is not a quasi-judicial, this is not a state agency acting in a judicial capacity under Page and under Johnson and Schifando. I certainly agree with that, but I do think the state, when a state court is asked to grant or deny mandamus and writes a decision, I would think it's acting in a judicial capacity. I would not disagree with that, Your Honor. However, the writ of administrative mandamus will be limited to solely the question that arose in arbitration. And this is key, this is very important, because under the entire line of Supreme Court precedent, beginning with Alexander v. Gardner-Denver, upheld again and again. Excuse me, I lost my train of thought. Well, it can't bind us on anything that it didn't reach. Right, I'm sorry. So in California they have the primary right doctrine, so that anything you could bring would be included. So what is the scope? So we need to know not only what was not raised in the administrative mandamus as raised in the district court, and also how the primary right doctrine works in the mandamus proceeding. Right, and that's where I lost my train of thought, and I'll pick up and answer your question, is that under the memorandum of understanding, the arbitrator had no authority to decide any statutory claim and did not decide any statutory claim. And so in the mandamus proceeding, Appellant White will not have a judge review the case from the perspective of a Section 1983 retaliation claim. There won't be an analysis of whether there was protected activity, whether the termination in 2007 was because of protected activity. It simply won't happen. So is the petitioner, is she prevented from bringing a Section 1983 or the fee hit claim in the mandamus proceeding? Is she precluded from doing so? I think she is, Your Honor, because in the mandamus proceeding, the superior court sitting and reviewing in mandamus just has to look at the record, the administrative record, and whether the agency acted in excess of its jurisdiction. Now, the agency in this case is going to be the city manager and his findings and decision on the arbitration. So the mandamus proceeding will consider only whether the city acted in excess of its jurisdiction, whether the city manager's findings and decision, which really ignored a good part of the evidence, whether there was evidence for the city manager's decision, and it won't consider those statutory claims. So this issue was not briefed because you were briefing the city manager decision. So can you point me to a case that explains what the limitations are of administrative mandamus and how California courts look at that and whether she would, in fact, be precluded from bringing anything outside of the administrative record? Well, Your Honor, I would ask if I could submit supplemental briefing because I did just receive from the unions council yesterday the superior court's decision and the law that the superior court applied, and I don't have the decision with me. The law that the superior court applied did not specifically state that she couldn't bring those statutory claims but stated the scope of the mandamus petition would be as I have described it. Okay, well, you're running out of time, so we'll give you a minute for rebuttal. Okay, thank you. May the court please? My name is Richard Terzian. I represent the city of Pasadena on this matter. A key issue here is the effect of the pending state court action on the existing federal action. Now, the administrative appellate process for police discipline is unique to California public employment law. It's mandated by statute. Police officers are treated differently, police and fire are treated differently than any other kind of state employees. It's a statute called the Peace Officers Bill of Rights and government code section 3304 says the city must provide an administrative appellate process. That rule has been modified by, elucidated by case law that says the cities and the police officers can work out whatever means they want for that. And the cities have provided a number of means, civil service boards, personnel commissions, outside hearing examiners, and in some cases, as did Pasadena, a memorandum of understanding provided for an arbitrary, an advisory arbitration followed by a city manager's decision. And that's what happened here, but it is a process mandated by law. Now, Ms. White has argued throughout this case that this is just like a collective bargaining agreement and all the various Supreme Court decisions such as Gardner-Denver and McDonald apply. Not so. This is not an ordinary collective bargaining agreement, first because it's mandated by law, and secondly, more importantly, because it is reviewable by a court. And that's what happened here. Ms. White chose, after she had exhausted her administrative remedy and obviously was dissatisfied by the ultimate result, to file an action for mandamus in the state court. And what is the scope of that? Does it cover the statutory claim? Yes, Your Honor, because the court, when someone is being terminated who has tenure, as Ms. White did, who is being deprived of a job, of a civil service job, the court in the mandamus proceeding exercises its independent judgment, independent judgment, and can overturn it, overturn the administrative decision. Now, it just so happened that the court here exercised its independent judgment and did not overturn the administrative decision. It affirmed it. Mr. Terzian, Judge Gould has a question for you, if I may. I have the impression, actually from a different case, that we don't give collateral estoppel under California law until the matter gets through an appeal. Is that correct? That is correct, Your Honor. And if so, would it make sense to stay our appeal on the jurisdiction issue, in this case, pending the state court results? Yes, it would, Your Honor, and that's really essentially what I already asked the court to do. I believe I was in the middle of describing the differences. It's not a collective bargaining agreement. It's reviewable by a court exercising its independent judgment. More importantly, White has argued over and over again that she wasn't allowed to raise the issue of retaliation. Well, in fact, the issue of retaliation was raised. It was raised at the arbitration. The arbitrator in his advisory opinion said, I'm not going to reach that issue. I'm going to decide it on these other matters. So is it your view or are you telling us that once this action goes through the appeal and, I guess, the petition for review is denied by the state Supreme Court, then what's the scope of the preclusive effect that it would have under California law? I think it would have a claim-preclusive effect, often otherwise called res judicata, because she could and did raise the issue of retaliation, which she now claims is the basis of the federal action. She raised it with the advisory arbitration. It was raised and dealt with by the city manager in his set of findings after he had reviewed the arbitration record, and she raised it, and I pointed out in my request for judicial notice, she raised it with the court, the Superior Court, in the writ of mandate action. She asked for evidence that would show disparate treatment and retaliation, and she was allowed to have that evidence. She did raise that issue, and it would... So, therefore, if the court's denial of her petition is affirmed by the court of appeal, and there is no further review by the California Supreme Court, then that will be final, and it will be final for claim-preclusive res judicata purposes, and she will not be able to proceed with the federal action. I'm not sure the claim is really the same. I can see that it might have quite a few issue-preclusion effects, but is a claim for review of an administrative decision discharging a tenured employee the same thing as a 1983 claim for whatever violations of statutory or constitutional rights she claims? It can be if the 1983 claim is retaliation for exercise of a constitutional right. Here, the claim of White is she got fired the first time, she filed a lawsuit, that lawsuit was ultimately decided against her, and she got fired a second time, and she says now in her federal action, well, she fired me the second time because I went to court the first time. That certainly can be the subject matter and raised in a determination proceeding. It could be determined, and I suppose it would be binding if there is a state court decision that it had the capacity to give saying, no, she was not fired in retaliation for the first lawsuit. I don't know whether that's truly a claim-preclusion, but it certainly takes the main issue out of the case. Yes, Your Honor. Ultimately, Your Honor, I believe that this action should be stayed until we have a final determination by the Court of Appeal, and perhaps ultimately by the Supreme Court in the pending state proceeding, and I doubt that will occur for much more than a year from now. If you have any questions, I'll be happy to answer them. Yes, ma'am. No. Thank you. We'll give her a minute. Thank you, Your Honor. I just would like to respond to as many points as I can. First, I'd like to say that the appellees keep saying that this arbitration is different because it's reviewable by a court. The Ninth Circuit held in the case of Alene v. General Felt Industries that an arbitration that found that a dismissal, that upheld an employee dismissal and then was reviewed by a court, had no preclusive effect under this line of Supreme Court cases, starting with Alexander v. Gardner Denver. Second, the issue of retaliation was not raised in the proceedings, in the arbitration proceedings. The two parties stipulated as to what the issue was, and that is found in the record. I don't have a page site, but it's an appellant's request for judicial notice. That's the advisory arbitration opinion by Jan Stiglitz. And the collective bargaining agreement does not encompass appellant White's statutory claims. And, again, under Wright v. Maritime Universal, which is included in this long line of Supreme Court binding cases, if she has not clearly and unmistakably waived the right to 1983 or another federal civil rights cause of action, then she hasn't waived it and she can bring it in court and there's no preclusive effect. And I'm sorry I did not address the primary right issue earlier. The primary right is definitely different in a Section 1983 cause of action. The primary right in the writ of mandamus action is whether there was just caught is appellant Wright's right to continued employment. And the primary right in a Section 1983 action is whether an individual has the right not to be retaliated against for trying to redress wrongs. So the primary rights are definitely different. I will submit on that, Your Honor. Thank you. All right.  And our next case will be United States v. Ortiz-Ortiz. Thank you.
judges: Canby, Gould, Ikuta